[Civ. No. 11210.   First Appellate District, Division Two.—January 31, 1940.]

LYNN CLIFFORD McPHERSON, an Incompetent Person, etc., Appellant, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION (a Corporation), Respondent.

Gillis & Edwards and Adrian A. Kragen for Appellant.

Donahue, Richards & Hamlin for Respondent.

NOURSE, P. J.—Plaintiff sued through his guardian to recover monthly instalments claimed due under a policy of insurance containing a clause for monthly payments for "confining" illness. The cause was tried without a jury, and the defendant had judgment. The facts are undisputed; the plaintiff alone offered oral testimony; the defendant relied entirely upon the failure of proof to meet the terms of the policy.

The clause of the policy obligating the insurer to pay illness benefits reads: "The Association will pay, for one day or more, at the rate of Fifty ($50.00) Dollars per month for the first fifteen days and at the rate of One Hundred ($100.00) Dollars per month thereafter for disability resulting from disease, the cause of which originates more than thirty days after the effective date of this policy, and which confines the Insured continuously within doors and requires regular visits therein by legally qualified physician; provided said disease necessitates total disability and total loss of time."

The issue on this appeal is whether appellant proved a case which would entitle him to recover on this clause of the policy. The trial court found that he did not. He attacks these findings on five separate grounds. We will confine our examination to one of these as that alone requires an affirmance of the judgment.

The insured offered testimony tending to prove his allegation that on June 12, 1936, he became totally disabled "by reason of a disease, to-wit: Arterio-cerebro-sclerosis. That by reason of said disease the plaintiff became insane and has been insane since June 13th, 1936 . . . " The only medical witness called was Dr. Hart of whose testimony appellant says: "Dr. Hart further testified that before there are any outer symptoms of the disease the patient actually has a hardening of the cerebral arteries for many months; it is a gradual growth so that patient would not be aware of it and that plaintiff was afflicted with arterio-cerebro-sclerosis on the 13th day of April, 1936, and probably had it for six or eight months prior to June, 1936." This witness was unable to state when insanity began, but the only reasonable inference to be drawn from his testimony and from that of other witnesses is that insanity began after the lapsation date of the policy which was September 1, 1936. The trial court found that it had not

been proved that the insured became insane on June 13, 1936, or at any time prior to September 1, 1936; that he became insane some time subsequent to the latter date, but the exact time could not be ascertained from the evidence.

These facts stand uncontradicted: The insured had suffered from the arterio-cerebral condition for many months before the date of the policy; he was compelled to quit work because of that condition about June 12, 1936, but was not confined until after the lapse of the policy; this arterial hardening would have caused his subsequent confinement without the additional insanity condition; but the artery condition which brought on the insane condition was ''the cause'' of the ''illness'' referred to in the clause of the policy quoted as necessary to have ''originated'' more than thirty days after the effective date of the policy. Thus the illnesses which did confine the insured came from a ''cause'' which originated long prior to the effective date of the policy, and the trial court's findings were in accord with the evidence and the inferences to be drawn reasonably from it.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.